Haynes, J., (orally).
The question that arises in this case is simply a question of pleading. On the 11th of April, 1894, Walter S. Booth, executor of Julia Beecher, filed a petition in the common pleas court against Eliza J. Beecher, Jane Beecher and Elmer C. Beecher. The petition set up two causes of action. The first was on a promissory note executed by E. J. Beecher to Julia A. Beecher, and the second was for the foreclosure of a mortgage given by E. J. Beecher to secure the payment- of that note. The summons was issued and served upon E. J. Beecher in this county, but returned “not served,” as to E. C. Beecher. Thereupon an alias summons was issued and served upon E. C. Beecher in Huron county. The answer day occurred on the 12th of May. No answer was filed by Beecher until the 26th of May, when by leave of the court, *470 he filed the answer in the case on which this question arises. The defendant, E. C. Beecher, failing to answer, a default was taken and an order for the sale of the property made, the property sold, and an order made for the distribution of the proceeds. The answer filed by E. J. Beecher reads as follow :
“And now comes E. J. Beecher, and for his separate answer to plaintiff's petition says that at the time the note and mortgage set forth in the plaintiff’s petition was executed, he was the owner in fee simple of the land in the petition described; but that at the time, and long before the commencement of this action, he sold and conveyed the same to E. C. Beecher, one of the defendants herein, since which sale and conveyance he has had no title or ownership in said premises.”
A motion was made for a judgment upon the pleadings as against E. J. Beecher, and court being advised in the premises, a judgment was given in favor of the plaintiff and against E. J. Beecher, in the sum of $907.80, on that promissory note.
A petition in error was filed, and now the plaintiff in error claims and says that this is a matter in abatement of the action ; that under the facts set forth here, there was a misjoinder of causes of action in the petition, and the court, instead of rendering judgment against him upon the first cause of action, should have rendered a judgment in his favor, 'because the causes of action were improperly joined. Whether causes of action of this kind may be joined or not, is a question we do not propose to decide to-day. We have been laboring under, the impression they could be, but quite an able argument has been made by counsel for the plaintiff in error in favor of the proposition that these are causes of action that can not be joined.
Section 5019 is the starting point. “Actions may be joined wThich arise out of the same transaction, or transactions connected with the same subject of action, contracts express and implied,” etc.
*471 Section 5020 : “ The causes of action so united must not require different places of trial, and, except as otherwise provided, must affect all the parties to the action.” The argument here is, this second cause of action does not affect the first party, nor does the first affect the second party, and a separate suit should have been brought against E. J. Beecher upon the note, and against E. C. Beecher to foreclose the mortgage.
Section 5062 provides, a party may demur to the petition when it appears upon its face that several causes of action are improperly joined.
Section 5063: “The demurrer shall specify the grounds of objection to the petition ; and unless it does so, it shall be regarded as objecting only that the petition does not state facts sufficient to constitute a cause of action, or that the court has not jurisdiction of the subject-matter.”
Section 5064 : “ When any of the defects enumerated in section five thousand and sixty-two do not appear upon the face of the petition, the objection may be taken by answer; and if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action.”
Now, the point I call attention to is that the objection to the joinder of actions must be stated in the demurrer filed. He demurs to the causes of action being improperly joined, which notifies the party on the other side and the court what the point is he is making. The language in section 5064 is almost identical, and says, if the defects enumerated do not appear upon the face of the petition, the objection maybe taken by answer. Unless it is properly taken and set forth, it is waived, and it is a matter which may be waived.
It is argued by the counsel for the plaintiff’ in error that all he had to do was simply to set up the naked facts; that *472 this answer is the same as any other answer, and upon the facts being stated the legal conclusions to be derived from the facts are matters of law which need not be stated, and should arise from facts or should be argued from the facts.
C. P. & L. W. Wickham, for plaintiff in error.
Andrews Bros., for defendant in error.
We do not agree with counsel in regard to that proposition so far as this matter is concerned. It is really a plea, I suppose, in abatement; it is no 'defense to the action; it is not shown to be; it is not intended to be; it simply says the defendant cannot be sued upon the cause of action in this ease with the other defendant.
There is a provision in the statute that when a party demurs for these reasons, and the demurrer is well taken, each cause may be separately docketed and proceeded into judgment. We think the defendant should 'have set forth in his answer his objection; he should have set forth that there was a misjoinder of causes of action in this petition, so as to inform the court and plaintiff as to the character of the claim that he made. For the very reason that that claim is not distinctively made he waives it, passes it by, consents to have the case heard upon the merits.
' Now, that is all there is.in the case. We simply think the defendant should have stated in his answer that there was amisj oinder of causes in this petition, for the reason that he had sold the property prior to the commencement of the action as stated here, and for his failure to do so the judgment of the court below will therefore be affirmed.